IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DOUGLAS RAY BOYD,<br><br>　　　　Plaintiff,<br>vs.<br><br>GREAT FALLS REGIONAL PRISON, DR. STEVEN J. AYERS, NURSE KATHY JORGENSON,<br><br>　　　　Defendants. | CV 21-66-H-SEH<br><br><br>**ORDER** |

　　　　On September 9, 2021, Plaintiff Douglas Ray Boyd filed a civil rights complaint.[1] On December 9, 2021, the filing fee was paid.

　　　　The complaint alleged a denial of adequate medical care by staff the Great Falls Regional Prison following surgery which resulted in further injury to Plaintiff.[2] Deliberate indifference to Plaintiff's medical needs was also alleged.[3]

　　　　It was not possible to discern from the complaint when the acts which were the subject of the allegations occurred or who was alleged to have committed the charged acts. An opportunity to file an Amended Complaint was accorded.[4]

---

[1] *See* Docs. 1 & 3.
[2] *See* Doc. 1.
[3] *See* Doc. 1.
[4] *See* Doc. 9.

An Amended Complaint was filed on February 16, 2022.[5] Plaintiff filed exhibits in support of the Amended Complaint later.[6]

The claims asserted in the Amended Complaint are time barred by the 3-year statute of limitations governing personal injury actions under Mont. Code Ann. § 27-2-204(1).[7]

Plaintiff's original Complaint was filed September 9, 2021. All claims accruing prior to September 9, 2018, are barred by the statute of limitations.

Plaintiff claims of inadequate medical care and deliberate indifference to medical needs that arose from a surgery in March of 2018. Plaintiff claims this course of conduct continued until he was transferred from Great Falls Regional Prison to Montana State Prison on July 3, 2018.[8] His claims thus accrued on or before that date, and, as asserted in the Amended Complaint filed on February 16, 2022, are barred by the statute of limitations.

**ORDERED:**

1. This matter is dismissed with prejudice. The Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

---

[5] Doc. 12.
[6] Docs. 13 & 13-1.
[7] *See Wilson v. Garcia,* 471 U.S. 261 (1985) (where the Court determined the applicable statute of limitations for claims filed under 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions).
[8] *See* Doc. 12 at 4–5; *see also* Doc. 13-1 at 27–42.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 13th day of June, 2022.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge